UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

SUSAN WEINSTEIN, individually, as co-administrator of the Estate of Ira William Weinstein, and as natural guardian of plaintiff David Weinstein, et al.,

Plaintiffs-Judgment Creditors,

-against-

THE ISLAMIC REPUBLIC OF IRAN, et al.,

Defendants-Judgment Debtors.

---------------------------------------------------------x

ORDER APPOINTING RECEIVER

Misc. 02-237

APPEARANCES

JAROSLAWICZ & JAROS, LLC
BY: ROBERT TOLCHIN, ESQ.
Attorneys for Plaintiffs-Judgment Creditors
225 Broadway, 24th Floor
New York, NY 10007

BERLINER, CORCORAN & ROWE, L.L.P.
BY: THOMAS G. CORCORAN and LAINA C. WILK, ESQS.
Attorneys for Defendants-Judgment Debtors
1101 Seventeenth Street, N.W.
Washington, D.C. 20036

ROSEN GREENBERG BLAHA, LLP
BY: JOHN N. ROMANS, ESQ.
Attorneys for Defendants-Judgment Debtors
40 Wall Street, 32nd Floor
New York, NY 10005

WEXLER, District Judge

On February 9, 2010, this Court denied without prejudice to renewal plaintiff's motion for the appointment of a temporary receiver to sell property at 135 Puritan Avenue, Forest Hills Gardens, New York (the "Property"), given defendant Bank Melli's pending appeal of this Court's Memorandum and Order, dated June 5, 2009. On plaintiff's motion, in connection with

the appeal, the Second Circuit authorized this Court to consider plaintiff's motion for the appointment of a temporary receiver and to enter an appropriate order including the appointment of a receiver to sell the Property. Thereafter, the parties appeared before this Court on March 25, 2010, at which time the Court, with the parties' consent, granted plaintiff's motion to appoint a temporary receiver to sell the Property.

Accordingly, the Court appoints Fredrick M. Ausili, Esq., 95 Northwood Boulevard, Central Islip, New York 11722, 631-871-8373, as receiver to sell the Property (the "Receiver").

The Receiver is granted all the usual powers of a receiver as are necessary and appropriate for selling the Property, including, but not limited to, retaining a licensed real estate broker to market the Property and incurring reasonable and necessary expenses in the care, preservation, and maintenance of the Property. The Receiver is authorized to do such things and enter into such agreements in connection with the sale and the care, preservation, and maintenance of the Property as he may deem advisable, and is authorized to incur such expenses and make such disbursements as may in his judgment be advisable or necessary in connection with the care, preservation, and maintenance of the Property, subject to approval and advancement of such expenses by plaintiff or defendant, with any such advance to constitute a first priority lien on the proceeds of the sale of the Property.

The parties are directed to assist the Receiver in obtaining possession to the Property and any license or authorization required by the Office of Foreign Assets Control of the United States Treasury Department.

The Receiver shall place the proceeds of any sale in escrow in an account established for such purposes by the Receiver in a federally insured depository.

The Receiver shall not be required to post a bond.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Date: Central Islip, New York
May 14, 2010